**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

IN RE:

EVELINDA BURGOS PINERO

Debtor

CASE NO. 14-08168 (MCF)

CHAPTER 7

## OPINION AND ORDER

Before the Court is Debtor's motion to reopen her case for the sole purpose of seeking an attorney fee award. Debtor's motion is denied for the reasons stated below.

**Procedural History**

Debtor in the above-referenced case filed her petition for bankruptcy relief on October 1, 2014. Its initial petition under chapter 13 was converted to a chapter 7 petition in June 2017 (Docket No. 81). Debtor objected to Proof of Claim No. 1 filed by Scotiabank, who agreed to the unsecured status of its claim (Docket No. 19).

Prior to Debtor's discharge, Scotiabank's successor in interest Bosco Credit VII, LLC, servicer for Franklin Credit Management Corporation ("Bosco") filed an adversary proceeding for the purpose of obtaining declaratory judgment to the effect that the real property allegedly securing its claim did not actually belong to the Debtor and that it could proceed in local court with an in-rem action to foreclose on the real property (Docket No. 1, Case No. 17-00158). Debtor filed a motion to dismiss and the Court also entered an order to show cause as to why the complaint should not be dismissed (Docket Nos. 12 & 31). Bosco filed motion requesting voluntary dismissal, under Fed. R. Civ. P. 41(a) (Docket No. 34), which the Court granted and dismissed the adversary case on February 23, 2018 (Docket No. 35).

-1-

In October 2018, Bosco, filed a motion to reopen the legal case in order to request relief from judgment pursuant to Fed. R. Civ. P. 60(b) regarding the order granting Debtor's objection to its Proof of Claim No. 1 (Docket No. 26). In opposing the motion to reopen, Debtor brought to the Court's attention Bosco's litigation of the same issue through the adversary proceeding in Case No. 17-00158 (Docket No. 129). Debtor requested that Bosco withdraw its motion to reopen, pursuant to Fed. R. Bankr. 9011 (Docket No. 119). Even though Bosco withdrew its motion to reopen (Docket No. 131 & 132), the Debtor asks  the case to be reopened but only to consider her request for an attorney fee award. Debtor asserts that attorney fees be imposed on Bosco for allegedly prosecuting the same issues Bosco prosecuted in the adversary proceeding through the Rule 60(b) contested matter. Debtor's premised her request for attorney fees, pursuant to Fed. R. Civ. P. 54(d) (Docket No. 136).

## I.    Standard for Reconsideration under Rule 9023

Debtor seeks reconsideration under Fed. R. Bankr. P. 9023 which states that Rule 59 of the Federal Rules of Civil Procedure governs unless certain exceptions apply.[1]  None of the exceptions apply here.  In conformity with Rule 59, a party seeking reconsideration "must either clearly establish a manifest error of law or must present newly discovered evidence." Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n. 2 (1st Cir. 2005)(quoting Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 146 n. 2 (1st Cir. 2004).  In Marie, the First Circuit cited a leading treatise, noting four grounds for granting a motion for reconsideration under Rule 59(e). The grounds are "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law." Marie, 402 F.3d at 7

---

[1] Unless expressly stated otherwise, all references to "Bankruptcy Code" or to specific statutory sections shall be to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101, et seq. All references to "Rule or Rules" are to the Federal Rules of Civil Procedure. References to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure.

(citing 11 C. Wright et al., Federal Practice & Procedure § 2810.1 (2d ed. 1995)).

Reconsideration of a judgment under Rule 59 is an extraordinary remedy that is used sparingly and only when the need for justice outweighs the interests advanced by a final judgment. It is directed at allowing a court to correct its own errors. White v. New Hampshire Dept. of Employment Security, 455 U.S. 445, 450 (1982). It is well settled that Rule 59(e) does not exist to give parties a second chance to prevail on the merits generally. Rule 59(e) is not to be used to reassert arguments and theories previously rejected by the Court. Rule 59(e) motions are to be "aimed at reconsideration, not initial consideration." Harley-Davidson Motor Co., Inc. v. Bank of New England-Old Colony, N.A., 897 F.2d 611, 616 (1st Cir. 1990). See also Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1999) (Rule 59(e) does not allow the losing party to rehash old arguments, previously considered and rejected). "Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence . . . [t]hey may not be used to argue a new legal theory." Id. (quoting Federal Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir.1986)). Parties should not use Rule 59(e) motions to raise arguments which could, and should, have been made before judgment issued. Id.

## II.    Standard for Reopening a Case

Pursuant to section 350(b), upon motion of a party in interest, a "case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). "[A]lthough the required reopening of a closed bankruptcy case serves no substantive purpose, by refusing to reopen a case, a court may effectively decline consideration of a proffered claim by way of its discretionary refusal to revisit a case's substantive issues." Leach v. Buckingham (In re Leach), 194 B.R. 812, 815 (E.D. Mich. 1996).

Thus, a bankruptcy court considering a motion to reopen should consider whether the moving party would be entitled to pursue the cause of action for which it seeks the reopening. If the movant cannot prevail on the merits of the action to be pursued as a matter of law, reopening the case would serve no purpose and the motion to reopen should be denied. See In re Savino, No. 14-14661-JNF, 2016 WL 2865414, at *4 (Bankr. D. Mass. May 11, 2016); In re Gagne, No. 02–10966, 2010 Bankr.LEXIS 4706, at *2 (Bankr. D. Me. Dec. 16, 2010) (citing In re Hunter, 283 B.R. 353, 356 (Bankr. M.D. Fla. 2002)); In re Weber, 283 B.R. 630, 633 (Bankr. D. Mass. 2002) ("Although sequential logic would suggest that the Court first determine whether to reopen the case, there is no reason to reopen the case" if the movant cannot prevail on the cause of action to be pursued).

**IV. Discussion**

Debtor's request for an award of attorney fees is premised under Fed. R. Civ. P. 54. Bankruptcy Rule 9014 makes Civil Rule 7054 applicable in contested matters, as the one presently before the Court. Rule 54(d)(2) states in pertinent part:

(d) Costs; Attorney's Fees.

. . .

(2) Attorney's Fees.

(A) Claim to Be by Motion. A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.

(B) Timing and Contents of the Motion. Unless a statute or a court order provides otherwise, the motion must:

(i) be filed no later than 14 days after the entry of judgment;

**(ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award**;

(iii) state the amount sought or provide a fair estimate of it; and

(iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

-4-

Fed. R. Civ. P. 54(d)(2)(A)-(B) (Emphasis added).

Rule 54(d) establishes a procedure for presenting claims for attorney's fees as costs of the litigation. It does not apply to attorney fees recoverable as sanctions under the Federal Rules of Civil Procedure or under 28 U.S.C. § 1927. Fed. R. Civ. P. 54(d)(2)(E)("Subparagraphs (A)-(D) do not apply to claims for fees and expenses as sanctions for violating these rules or as sanctions under 28 U.S.C. § 1927."). Rule 54(d)(2) does not contain substantive rights but rather creates a procedure to recover attorney fees. The Ninth Circuit interpreted Rule 54(d)(2) as follows:

> Rule 54(d)(2) recognizes the possibility of awards of attorney's fees and related non-taxable expenses' and establishes a procedure for asserting a right to such an award. This rule does not provide a rule of decision, however. Rather, it and the accompanying advisory committee comment recognize that there must be another source of authority for such an award.

 MRO Communications v. Am. Tel. & Tel., 197 F.3d 1276, 1280-81 (9th Cir. 1999).

The requirement under Rule 54(d)(2) of an independent source of authority for an award of attorneys' fees gives effect to the "American Rule" that each party must bear its own attorneys' fees in the absence of a rule, statute or contract authorizing such an award. Id.

 "[T]he general rule in federal courts is that a litigant cannot recover his counsel fees." Roadway Exp., Inc. v. Piper, 447 U.S. 752, 765 (1980)(citing Alyeska Pipeline Co. v. Wilderness Society, 421 U.S. 240, 257 (1975). In the absence of statute or contract, the American Rule carries the general principle that each party should bear the costs of its own legal representation.  However, the federal judiciary has recognized several exceptions to the Rule that apply in certain situations:

> The first, known as the 'common fund exception,' derives. …from [courts'] historic equity jurisdiction, and allows a court to award attorney's fees to a party whose litigation efforts directly benefit others. Second, a court may assess attorney's fees as a sanction for the willful disobedience of a court order. Third, a court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. The imposition of sanctions in this instance transcends a court's equitable power concerning relations between the parties and reaches a court's

inherent power to police itself, thus serving the dual purpose of vindicating judicial authority without resort to the more drastic sanctions available for contempt of court and making the prevailing party whole for expenses caused by his opponent's obstinacy.

Chambers v. NASCO, Inc., 501 U.S. 32, 45–46 (1991) (citations omitted).

In the adversary proceeding, creditor Bosco moved for relief under Fed. R. Civ. P. 41(a) and the Court dismissed the Complaint. Such dismissal is without prejudice. Fed. R. Civ. P. 41. Bosco is able to file another action. It chose to do so by motion in the legal case instead of filing another adversary.

There is no legal basis to award fees because there is no contract or statute that authorizes it. Furthermore, the Court may not exercise its inherent sanctioning powers in this case because there is no allegation by Debtor of bad faith on Bosco's part, nor of behavior that rises to the level of vexatiousness or oppression. Moreover, Bosco moved to withdraw the motion on Docket No. 119 in the legal case within 21 days of Debtor's Rule 9011 challenge.

Debtor's factual allegations for the imposition of attorney's fees, i.e., the untimeliness of certain arguments in Bosco's motion to reopen and the time Debtor's counsel had to expend opposing Bosco's motion to reopen, are not factors that fall within the exceptions to the American Rule. Therefore, the Court will not use its sanctioning powers in this case.

**IV. Conclusion**

WHEREFORE, IT IS ORDERED that the present case remain closed.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 13th day of June, 2019.

_Mildred Cabán_

MILDRED CABÁN FLORES
United States Bankruptcy Judge

-6-